O’BRIEN, J.,
dissenting.
By virtue of the district court’s decision, concluding that the aggregation of his pri- or convictions qualified as an aggravated felony, Santana-Illan does not qualify for asylum or possible discretionary cancellation of removal from the Attorney General. See 8 U.S.C. §§ 1229(a)(3), (b), 1158(b)(2)(A)(ii), (B)(i). The majority decision unnecessarily calls those disqualifications into question. Because it is not prudent to do so at this time, I respectfully dissent.
The dispositive issue in this appeal will be resolved by the Supreme Court within a few months. A petition for writ of certiorari on the issue was granted in Carachuri-Rosendo v. Holder, — U.S. -, 130 S.Ct. 1012, — L.Ed.2d-(2009). I see no need for this Court to rush to judgment. We could abate this matter, advise the parties of our intent to await the Supreme Court’s decision, and announce a willingness, upon a proper request, to enter a limited remand to the district court permitting Santana-Illan to request release from incarceration or less restrictive detention pending the Supreme Court’s decision. Such is permitted by 18 U.S.C. § 3143(b)(1)(A), (B)(iv) (allowing for judicial officer to order the release of a defendant during the pendency of an appeal upon certain findings about the danger posed by the defendant and the strength of his appeal).
The majority’s concern that Santana-Illan might be subjected to unnecessary incarceration is appropriate, but other considerations are also worthy. If the majority is wrong on the merits its decision will, at least, muddy the waters about his eligibility for asylum or to request discretionary cancellation of removal and, since his pretermitted incarceration will likely result in quick deportation, he will have, in effect, been afforded a judicial commutation of his sentence. An abate and wait approach insures a correct result on the merits of his appeal and a remand affords him an opportunity to lessen the rigors of possibly excessive incarceration.